## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

William E. Myers et al.

v.

Board of Zoning Appeals
of Prince William County et al.

December 22, 1988

Case No. (Chancery) 25817

By JUDGE FRANK A. HOSS, JR.

In this appeal from a decision of the Prince William County Board of Zoning Appeals, this Court must determine whether the Board applied erroneous principles of law in failing to overturn a decision of the Prince William County Zoning Administrator who denied approval of the appellants' preliminary subdivision plat. Finding that the Board did apply erroneous principles of law, the Board's decision is reversed.

The essential facts in the case are that the appellants either own or are the contract purchasers of the property in question. The property has been zoned R-10 since 1963, which allows the appellants to develop the property at a density rate of 10,000 square foot lots. Notwithstanding the aforesaid zoning on the property, the County has adopted a Comprehensive Plan that indicates the property should be developed at a much lower density. Upon presentation of a preliminary subdivision plat calling for development with a density in keeping with the R-10 zoning, the Zoning Administrator denied same finding that since water and sewer were not contemplated or shown on the Comprehensive Plan and since in order to overcome this problem, the applicants would have to proceed pursuant to § 15.1-456

of the Code of Virginia, which had not been done, the property could not be developed at the density submitted. The applicants appealed this decision to the Board of Zoning Appeals. After conducting appropriate hearings, the Board's vote resulted in a tie which had the effect of upholding the Administrator's decision.

Appellants assign the following reasons for overturning the Board's decision: (1) The County's zoning ordinance requires water and sewer in this type development and thus does not require public hearings pursuant to Section 15.1-456; (2) that appellants' water and sewer lines shown on their submitted plans are not "Public Utility Facilities" thus exempting them from the operation of § 15.1-456; (3) that § 15.1-456(c) and (d) expressly exempt appellants from the application of § 15.1-456; and (4) that the actions of the Board interfere with vested rights, constitute unlawful downzoning, are discriminatory and constitute a regulatory taking of appellants' property. Since the Court finds that the Board applied erroneous principles of law, the Court will not discuss the additional issue of the presumptive validity of the Board's decision. Even presuming such validity, the erroneous application of principles of law requires reversal.

Finding that assignments (1) and (3) are dispositive in this matter, I will combine them for resolution and not address the others.

The essence of the position of the appellants is that their property is zoned for 10,000 square foot lots, that they have the *right* to develop according to that density, that water and sewer are available, that the zoning on the property takes precedence over the Comprehensive Plan, and that by the established practice of the County and the express provisions of the statute, they are not required to have to undergo the public hearings required by § 15.1-456. The Board's position is that while 10,000 square foot lots are permitted in R-10, much lower densities are also, and that the Comprehensive Plan indicating the subject property should be developed at much lower densities, without public water and sewer, should be controlling, notwithstanding the fact that the County has not always taken this position with others similarly situated. I agree with the appellants.

The subject property was zoned R-10 in 1963 and has permitted high density development that entire time. Actually, the property was zoned for high density much earlier than that under another category then known as R-1. Such zoning classification was by ordinance. I am advised that the Comprehensive Plan was adopted some time after that. Under these circumstances, I am of the opinion that the zoning map controls. "The statutes do not make the comprehensive plan a zoning ordinance but only a comprehensive guideline for zoning ordinances." *Fairfax County v. Snell Corp.*, 214 Va. 655 (1974). Indeed, the Prince William County Comprehensive Plan has a caveat on its face as follows: "IMPORTANT NOTE -- This is a general Land Use Plan and not a Zoning map. In fact, the proposed land uses are not consistent with the current zoning in all cases." Since the property is zoned for high density and since the plans submitted were in conformity with the zoning, I believe the Zoning Administrator applied erroneous principles of law in stating that appellants could not proceed without a § 15.1-456 hearing.

In addition to the zoning on the property, the statute itself does not support the Board's position. It provides for two exceptions to its operation. Subsection (c) provides that normal extensions of public utilities shall not require approval pursuant to the statute. I find that, under the evidence in this case, the proposed extension of the water and sewer to the subject property in the manner proposed is more in keeping with normal service extension than the major or substantial changes contemplated by the statute. Subsection (d) provides that submission of plans under § 15.1-475 (subdivision plans) "may be deemed a feature already shown on the adopted master plan, and, therefore, excepted from the requirement for submittal to and approval by the commission or the governing body . . . ." The statute does contain a further proviso, to wit: "provided, that the governing body has by ordinance or resolution defined standards governing the construction, establishment, or authorization of such public area, facility, or use . . . ." I find (1) that the proviso has been satisfied, and (2) that the filing herein was a submission of plans under § 15.1-475. I am not persuaded by the argument that the word "may" as used in the statute authorizes the actions of the Administrator in this case.

Finally, I agree with the appellants that the law should be applied uniformly, and the failure to do so constitutes the erroneous application of principles of law. The Zoning Administrator and the County simply have not required other similarly situated entities to conform with what was sought here. Indeed, just the opposite has been the norm. The Board argues that while this might indicate a certain inconsistency on the part of the practice of the County, it is not controlling here. It may, in fact, not be controlling standing alone. However, when considered with all of the other circumstances in the case, it is certainly a substantial factor to be considered and was.

For the foregoing reasons, I hereby reverse the finding of the Board of Zoning Appeals.